UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAPITAL HOLDINGS ENTERPRISES, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SEASHORE MARKETING GROUP, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 2:15-cv-02131-GMN-PAL<br><br>ORDER |

Before the court is Defendant Seashore Marketing Group, LLC's Response to the court's Order to Show Cause (ECF No. 20).

On April 12, 2016 the court granted Michael Arata and Adam Springer's motion to withdraw as counsel for Seashore (ECF No.17). The order gave Seashore until May 5, 2016 to retain counsel to make an appearance in accordance with the requirements of the Local Rules of Practice as a corporation may not appear in a federal action except through counsel. Seashore did not comply or request an extension of time to comply. On November 9, 2016, the court ordered Defendant Seashore Marketing Group, LLC to show cause in writing no later than December 8, 2016, why its answer shouldn't be stricken and default entered against it for its failure to comply with this court's Order (ECF No. 17) to obtain substitute counsel for the duration of the litigation as it is a corporation. *United States v. High Country Broadcasting*, 3 F.3d 1244. 1245 (9th Cir. 1993).

Defendant Seashore Marketing Group, LLC sent a letter response dated December 8, 2016, which was received by the Clerk of Court on December 19, 2016. The letter states that the Order to Show Cause was not forwarded to the company's new mailing address and requests a 120-day

extension of time to find counsel because it is a small company, this case has caused financial hardship, and as the company is in California it is difficult to find a lawyer.

The letter/notice was electronically served on counsel for Plaintiff who did not file a response or oppose Defendant's request.  Plaintiff filed a motion for summary judgment was filed March 29, 2016, and remains unopposed.  The court will reluctantly grant Seashore's request for 120 days to retain counsel.  However, Seashore has had almost a year to retain counsel since prior counsel was permitted to withdraw.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Defendant Seashore Marketing Group, LLC shall have a 120-day extension from December 8, 2016, or until **April 7, 2017**, to obtain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.
2. Defendant's failure to timely comply with this order by obtaining substitute counsel will result in a recommendation to the District Judge for default judgment against Seashore for its failure to retain counsel.
3. No further extensions will be granted.

DATED this 17th day of January, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2